IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMILLE CHATILOVICZ <br> 2717 Ontario St. N.W. <br> Washington, D.C. 20009 <br><br> Plaintiff, <br><br> v. <br><br> SHK MANAGEMENT, INC. <br> 220 W. Germantown Pike, Suite 250 <br> Plymouth Meeting, PA 19462 <br><br> Serve: Steven H. Korman, President <br> 450 Plymouth Road, Suite 300 <br> Plymouth Meeting, PA 19462 <br><br> and <br><br> KORMAN COMMUNITIES GP I, LLC <br> 450 Plymouth Road, Suite 300 <br> Plymouth Meeting, PA 19462 <br><br> Serve: Bradley Korman, President <br> 450 Plymouth Road, Suite 300 <br> Plymouth Meeting, PA, 19462 <br><br> and <br><br> KORMAN COMMUNITIES, INC. <br> 450 Plymouth Road, Suite 300 <br> Plymouth Meeting, PA 19462 <br><br> Serve: Steven H. Korman <br> 450 Plymouth Road, Suite 300 <br> Plymouth Meeting, PA 19462 <br><br> Defendants. | Case No.: _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Camille Chatilovicz ("Plaintiff"), by and through her undersigned counsel, hereby complains against Defendants SHK Management, Inc., Korman Communities GP I, LLC, and Korman Communities, Inc. (collectively, "Defendants"), to recover damages under § 16(b) of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the D.C.

Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the District of Columbia.

2. Defendant SHK Management, Inc., is a Pennsylvania Corporation with its registered office at 220 W. Germantown Pike, Suite 250, Plymouth Meeting, PA 19462. Defendant Korman Communities GP I, LLC, is a Delaware Limited Liability Company with its office at 450 Plymouth Meeting Road, Suite 300, Plymouth Meeting, PA 19462. Upon information and belief, Defendant Korman Communities Inc., has its office at 450 Plymouth Meeting Road, Suite 300, Plymouth Meeting, PA 19462,. At all times relevant, Plaintiff worked for AKA White House, a hotel, upon information and belief, owned and/or operated by Defendants either directly or indirectly.

3. During the period of Plaintiff's employment, Defendants engaged in commerce or the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 206-207.

4. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

5. Plaintiff was employed by Defendants from April 13, 2009 through September 2, 2011. While in Defendants' employ, Plaintiff worked as a Client Services Manager at Defendants' hotel, AKA White House, located at 1710 H Street NW, Washington, D.C. 20006. Plaintiff was paid at the rate of $45,000 per year.

6. Throughout Plaintiff's employment, she worked approximately 55 hours per week but was not compensated at the rate prescribed by law for overtime work for her hours over forty (40).

7. At all times from April 13, 2009 through September 2, 2011, Plaintiff was an employee of Defendants.

8. Plaintiff did not perform work that meets the definition of exempt work under the FLSA or the DCMWA.

9. Upon information and belief, Defendants did not maintain time records with respect to Plaintiff in accordance with the requirements of the FLSA and the DCMWA.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act ("FLSA")**

10. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-9 above, as if each were set forth herein.

11. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

12. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a), and Defendants were Plaintiff's "employers" under § 207(a). Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for overtime hours worked, at the overtime rate.

13. Plaintiff worked overtime on a regular basis. Plaintiff was entitled to, and is owed, overtime pay at the rate of one and one-half (1½) times her regular rate of pay for hours worked in excess of forty (40) hours in a given work week. Defendants have failed and refused to compensate Plaintiff properly and as required by law for the overtime hours she worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992 ("DCMWA")

14. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-13 above, as if each were set forth herein.

15. Section 32-1003(c) of the DCMWA provides that "[n]o employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 ½ times the regular rate at which the employee is employed."

16. Plaintiff was an "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for overtime hours worked, at the overtime rate.

17. Plaintiff worked overtime on a regular basis. Plaintiff was entitled to, and is owed, overtime pay at the rate of one and one-half (1½) times her regular rate of pay for hours worked in excess of forty (40) hours in a given work week. Defendants have failed and refused to compensate Plaintiff properly and as required by law for the overtime hours she worked. This failure and refusal to pay compensation as required by the DCMWA was willful and intentional and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count II for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other further relief this Court deems appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Fred S. Sommer

Fred S. Sommer, Esq., DC Bar No. 335554
Stacey L. Schwaber, Esq., DC Bar No. 974714
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Avenue, 6th Floor
Potomac, MD 20854
Phone: 301-230-1990
Fax: 301-230-2891
Email:   fsommer@shulmanrogers.com
         sschwaber@shulmanrogers.com

*Counsel for Plaintiff*